Case 3:04-cv-00163-DMS-JLB   Document 52   Filed 03/02/04   PageID.3619   Page 1 of 16

USDC SCAN INDEX SHEET










JAH    3/3/04    8:29

3:04-CV-00163    SEC V. PRESTO

*52*

*PRELINJ.*

1  GREGORY C. GLYNN, Cal. Bar No. 039999
   LISA A. GOK, Cal. Bar No. 147660
2  J. CINDY ESON, Cal. Bar. No.219782
   TODD BRILLIANT, Cal. Bar No. 147727
3  DAVID S. BROWN, Cal. Bar No. 134569

4  Attorneys for Plaintiff
   Securities and Exchange Commission
5  Randall R. Lee, Regional Director
   Sandra J. Harris, Associate Regional Director
6  5670 Wilshire Boulevard, 11th Floor
   Los Angeles, California 90036-3648
7  Telephone: (323) 965-3998
   Facsimile:  (323) 965-3908

FILED
MAR 2 2004
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY              DEPUTY

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

PRESTO TELECOMMUNICATIONS, INC.; ALFRED LOUIS VASSALLO, JR. aka BOBBY VASSALLO,,

Defendants.

Case No. 04 CV 00163 IEG (POR)

[PROPOSED] PRELIMINARY INJUNCTION ORDER AND ORDERS: (1) FREEZING ASSETS; (2) APPOINTING A PERMANENT RECEIVER OVER PRESTO TELECOMMUNICATIONS, INC.; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (4) FOR ACCOUNTINGS

Date:  March 1, 2004
Time:  10:30 a.m.
Place: Courtroom 13
       Hon. Irma E. Gonzalez

This matter came to be heard on Monday, March 1, 2004, upon the Court's Order to Show Cause re Preliminary Injunction, issued on January 27, 2004 ("OSC"). The OSC is included in Plaintiff Securities and Exchange Commission's ("Commission") Ex Parte Application for a Temporary Restraining Order and Orders: Freezing Assets, Appointing a Temporary Receiver, Prohibiting The Destruction Of Documents, For Accountings And Order To Show Cause Re Preliminary Injunction, And Appointment Of A Permanent Receiver over Presto Telecommunications, Inc. (the "Application").

The Court, having considered the Commission's Complaint, the Application, the Memorandum of Points and Authorities and the Declarations, including Exhibits relating thereto, and other documents filed in support of the Application, and all other evidence and argument presented regarding the Application, finds that:

A. This Court has jurisdiction over the parties to, and the subject matter of, this action.

B. Good cause exists to believe that: (1) defendants Presto Telecommunications, Inc. ("Presto") and Alfred Louis Vassallo, Jr. aka Bobby Vassallo ("Vassallo"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of the securities registration provisions of Sections 5(a) and 5(c) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§77e(a) and (c), and the antifraud provisions of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

C. The Commission has demonstrated a probability of success on the merits in this action.

D. Good cause exists to believe that the defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

I.

IT IS HEREBY ORDERED that the Commission's Application for a Preliminary Injunction and Orders continuing: (1) the Order Freezing Assets; (2) Order Prohibiting Destruction of Documents; (3) Order for Accountings; and (4) Order of Appointment of a Permanent Receiver over Presto is hereby GRANTED.

II.

IT IS FURTHER ORDERED that defendants Presto and Vassallo and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and

1  those persons in active concert or participation with any of them, who receive
2  actual notice of this Order, by personal service or otherwise, and each of them, be
3  and hereby are preliminarily restrained and enjoined from, directly or indirectly,
4  through the use of the means or instruments of transportation or communication in
5  interstate commerce or the mails, offering to sell or selling securities, or directly or
6  indirectly,

  A. making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell the securities of any issuer, through the use or medium of any prospectus or otherwise, unless and until a registration statement is in effect as to such securities;

  B. carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, for the purpose of sale or for delivery after sale, the securities of any issuer, unless and until a registration statement is in effect as to such securities; and

  C. making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy, through the use or medium of any prospectus or otherwise, the securities of any issuer, unless and until a registration statement has been filed with the Commission as to such securities, or while a registration statement has been filed with the Commission as to such securities, or while a registration statement as to such securities is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act, 15 U.S.C. § 77h;

in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) & 77e(c); provided, however, that nothing in this Judgment shall apply to any security

- 3 -

or transaction which is exempt from the provisions of Section 5 of the Securities Act, 15 U.S.C. § 77e.

### III.

IT IS FURTHER ORDERED that defendants Presto and Vassallo, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails:

  A.  with scienter employing any device, scheme or artifice to defraud;
  B.  obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or
  C.  engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

### IV.

IT IS FURTHER ORDERED that defendants Presto and Vassallo, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any securities, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange with scienter:

  A.  employing any device, scheme or artifice to defraud;

1    B.   making any untrue statement of a material fact or omitting to state a
2         material fact necessary in order to make the statements made, in the
3         light of the circumstances under which they were made, not
4         misleading; or
5    C.   engaging in any act, practice, or course of business which operates or
6         would operate as a fraud or deceit upon any person;
7  in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule
8  10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants Presto and Vassallo, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, including any notes or deeds of trust or other interests in real property, wherever located, of defendants Presto and Vassallo, owned by, controlled by, managed by or in the possession or custody of any of them, and from transferring, encumbering, dissipating, incurring charges or cash advances on any debit or credit card or other credit arrangement, of defendants Presto and Vassallo.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, an immediate freeze shall be placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity

-5-

1  for the Commission to be heard) in all accounts at any bank, financial institution or
2  brokerage firm, all certificates of deposit, and other funds or assets, held in the
3  name of, for the benefit of, or over which account authority is held by Presto and
4  Vassallo, or any trust, partnership, joint venture, person or entity affiliated with
5  them (including subsidiaries), including, but not limited to, accounts set forth
6  below:

| Bank Name | Account Name | Account No. |
|---|---|---|
| Bank of America | Presto Telecommunications, Inc. | 11824-09242 |
| Bank of America | Presto Telecommunications, Inc. | 11821-09550 |
| Bank of America | Presto Telecommunications, Inc. | 11821-10129 |
| City National Bank | Presto Telecommunications, Inc. | 240-007541 |
| City National Bank | Presto Telecommunications, Inc. | 240-007568 |
| City National Bank | Presto Telecommunications, Inc. | 240-007584 |
| Merrill Lynch | Presto Telecommunications, Inc. | 72B-07271 |
| Merrill Lynch | Presto Telecommunications, Inc. | 72B-07272 |
| Merrill Lynch | Presto Telecommunications, Inc. | 388-32819 |
| First Pacific Bank | Presto Telecommunications, Inc. | 1100858 |
| Wells Fargo Bank | Presto Telecommunications, Inc. | 049-5403339 |
| Wells Fargo Bank | Presto Telecommunications, Inc. | 049-5403362 |
| Wells Fargo Bank | Presto Telecommunications, Inc. | 049-5403354 |
| First National Bank | Alfred Louis Vassallo, Jr. | 95109831 |
| Bank of America | Presto Telecomunicaciones, S.A. de C.V. | 2184111701 |
| U.S. Bank National Association | Alfred Louis Vassallo, Jr. | 153452762674 |
| Merrill Lynch | Presto Telecommunications, Inc. | 72B-07270 |
| City National Bank | Presto Telecommunications, Inc. | 024-007576 |
| Northern Trust Bank | Cynthia J. Vassallo | 90103327 |
| Merrill Lynch | Cynthia J. Vassallo | 54X-11T25 |
| Merrill Lynch | Autocom Telecommunications, Ltd. | 72B-07269 |
| Prudential Securities | Whitney Family Trust | JQS-088555-323 |

- 6 -

| Bank Name | Account Name | Account No. |
|---|---|---|
| Prudential Securities | CJV Holdings Trust | JQS-088563-32 |

## VII.

IT IS FURTHER ORDERED that Thomas F. Lennon be appointed as permanent receiver of Presto, and its subsidiaries and affiliates, with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, including notes, deeds of trust and other interests in real property, belonging to, being managed by or in the possession or control of Presto, and any of its subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

    A.    to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, including notes, deeds of trust and other interests in real property, wherever located, of or managed by Presto, and its subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property;

    B.    to have control of, and to be added as the sole authorized signatory for, all accounts of Presto, and its subsidiaries and affiliates, including all accounts over which Presto, and any of its employees or agents, have signatory authority, at any bank, title company, escrow agent, financial institution or brokerage firm which has possession, custody or control of any assets or funds of Presto, or which maintains accounts over which Presto, and/or any of its employees or agents

have signatory authority;

C. to conduct such investigation and discovery as may be necessary to locate and account for all of the assets of or managed by Presto subsidiaries and affiliates and to engage and employ attorneys, accountants and other persons to assist in such investigation and discovery;

D. to take such action as is necessary and appropriate to preserve and take control of and to prevent the dissipation, concealment, or disposition of any assets of or managed by Presto, and its subsidiaries and affiliates;

E. to make an accounting, as soon as practicable, to this Court and the Commission of the assets and financial condition of Presto, and the assets under their management, including all notes, deeds of trust and other interests in real property, and to file the accounting with the Court and deliver copies thereof to all parties;

F. to make such payments and disbursements from the funds and assets taken into custody, control, and possession or thereafter received by him, and to incur, or authorize the making of, such agreements as may be necessary and advisable in discharging his duties as permanent receiver;

G. to employ attorneys, accountants and others to investigate and, where appropriate, to institute, pursue, and prosecute all claims and causes of action of whatever kind and nature which may now or hereafter exist as a result of the activities of present or past employees or agents of Presto; and

H. to have access to and monitor all mail of Presto in order to review such mail which he or she deems relates to the business of Presto and the discharging of his duties as permanent receiver.

## VIII.

IT IS FURTHER ORDERED that defendant Presto, or its subsidiaries and affiliates, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers, notes, deeds of trust, other interests in real property, or other property of or managed by Presto, shall forthwith give access to and control of such property to the permanent receiver.

## IX.

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of Presto, or its subsidiaries or affiliates shall take any action or purport to take any action, in the name of or on behalf of Presto, or any of its subsidiaries or affiliates, without the written consent of the permanent receiver or order of this Court.

## X.

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, and all other persons or entities seeking relief of any kind, in law or in equity, from Presto or its subsidiaries, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to Presto and its subsidiaries:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against Presto or any of its subsidiaries or affiliates;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or other process for the purpose of impounding or taking possession of

|     |     |     |
| --- | --- | --- |
| 1   |     | or interfering with or creating or enforcing a lien upon any property or |
| 2   |     | property interests owned by or in the possession of Presto, or any of |
| 3   |     | its subsidiaries or affiliates, wherever situated; and |
| 4   | C.  | doing any act or thing whatsoever to interfere with taking control, |
| 5   |     | possession or management by the permanent receiver appointed |
| 6   |     | hereunder of the property and assets owned, controlled or managed |
| 7   |     | by or in the possession of Presto, or any of their subsidiaries or |
| 8   |     | affiliates, or in any way to interfere with or harass the permanent |
| 9   |     | receiver or his or her attorneys, accountants, employees or agents or |
| 10  |     | to interfere in any manner with the discharge of the permanent |
| 11  |     | receiver's duties and responsibilities hereunder. |

## XI.

IT IS FURTHER ORDERED that defendants Presto and Vassallo, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the permanent receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the permanent receiver or his or her attorneys, accountants, employees or agents, in the conduct of the permanent receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the permanent receiver of the funds, assets, collateral, premises, and choses in action described above.

## XII.

IT IS FURTHER ORDERED that defendants Presto and Vassallo shall pay the costs, fees and expenses of the permanent receiver incurred in connection with the performance of his or her duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the permanent receiver to assist him or her in carrying out his or her duties and obligations. All applications for costs, fees and expenses for services rendered in connection with the receivership other than routine and necessary business

expenses in conducting the receivership, such as salaries, rent and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court. The permanent receiver's costs, fees and expenses may also be paid from any funds that the permanent receiver recovers for ultimate disgorgement in this action.

## XIII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver. Except for an act of gross negligence, the permanent receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the permanent receiver in connection with the discharge of his or her duties and responsibilities.

## XIV.

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Presto and its subsidiaries and affiliates and continuing access to inspect their funds, property, assets and collateral, wherever located.

## XV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants Presto and Vassallo and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files,

1 computer printouts, contracts, correspondence, memoranda, brochures, or any
2 other documents of any kind in their possession, custody or control, however
3 created, produced, or stored (manually, mechanically, electronically, or otherwise),
4 pertaining in any manner to defendants Presto and Vassallo.

### XVI.

IT IS FURTHER ORDERED that defendants Presto and Vassallo each shall, within ten days of the issuance of this Order, prepare and deliver to the Commission a detailed and complete schedule of all of their assets, including all real and personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number. The accountings shall include a description of the source(s) of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered to the Commission's Pacific Regional Office. After completion of the accounting, defendants Presto and Vassallo shall each produce to the Commission's Pacific Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying their accountings.

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

## XVII.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

IT IS SO ORDERED.

DATED:  March 1, 2004

TIME:  5:10 o'clock p.m.

_____
THE HON. IRMA E. GONZALEZ
UNITED STATES DISTRICT JUDGE

Presented by:

_____
David S. Brown
Attorney for Plaintiff
Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action. My business address is:

[X] U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036.

Telephone: (323) 965-3998; Fax: (323) 965-3908

On February 23, 2004, I served the document entitled [PROPOSED] PRELIMINARY INJUNCTION ORDER AND ORDERS: (1) FREEZING ASSETS; (2) APPOINTING A PERMANENT RECEIVER OVER PRESTO TELECOMMUNICATIONS, INC.; (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS; AND (4) FOR ACCOUNTINGS upon the parties to this action addressed as stated on the attached service list:

[X] **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ] **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ] **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ] **PERSONAL SERVICE:** I caused to be personally delivered each such envelope by hand to the office of the addressee in the attached service list.

[ ] **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[ ] **FAX (BY AGREEMENT ONLY):** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X] **(Federal)** I declare that I am employed in the office of a member of the bar of this Court, at whose direction the service was made. I declare under penalty of perjury that the foregoing is true and correct

Date: February 23, 2004

*Magnolia M. Marcelo*
MAGNOLIA M. MARCELO

**SEC v. PRESTO TELECOMMUNICATIONS, et al.**
United States District Court - Southern District of California
Case No. 04 CV 00163 IEG (POR)
(LA-2666)

SERVICE LIST

Donald E. McInnis, Esq.
Garrison & McInnis LLP
2650 Camino Del Rio North, Suite 108
San Diego, CA 92108
Facsimile: (619) 299-4787
*Attorney for Defendants Presto Telecommunications, Inc. and Alfred Louis Vassallo aka Bobby Vassallo*

Thomas F. Lennon, Receiver
7777 Alvarado Road, Suite 712
La Mesa, CA 91941

David L. Osias, Esq.
Jeffrey R. Patterson, Esq.
Allen, Matkins, Leck, Gamble & Mallory LLP
501 W. Broadway, Suite 900
San Diego, CA 92101
*Attorney for Receiver Thomas F. Lennon*