USDC SCAN INDEX SHEET










JAH    8/24/05    10:28
3:04-CV-00163    SEC V. PRESTO
*800*
*CONSJGM.*

FILED

05 AUG 23 AM 8:24

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: J.H. DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PRESTO TELECOMMUNICATIONS, INC.; ALFRED LOUIS VASSALLO, JR. aka BOBBY VASSALLO,<br><br>Defendants. | Case No. 04 CV 00163 IEG (WMc)<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST PRESTO TELECOMMUNICATIONS, INC.** |

Plaintiff Securities and Exchange Commission ("Commission"), having filed and served a Summons and Complaint upon defendant Presto Telecommunications, Inc. ("Presto"), and Presto having admitted service of the Summons and Complaint; consented to the Court's jurisdiction over Presto and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

**IT IS ORDERED, ADJUDGED AND DECREED** that Presto and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise




04 CV 00163 IEG (POR)

800   ENTERED ON 8/24/05

are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

**IT IS ORDERED, ADJUDGED AND DECREED** that Presto and its agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## III.

**IT IS ORDERED, ADJUDGED AND DECREED** that Presto and its agents,

servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 5 of the Securities Act, 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a)  Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b)  Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c)  Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding of examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

### IV.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Presto and its subsidiaries and affiliates, shall disgorge pursuant to one or more plans of distribution to be submitted by the Court-appointed Receiver for Presto, Thomas F. Lennon of Thomas F. Lennon, Inc., served on the Commission, and approved by the Court, all of the funds and assets of receivership estate, less Court-approved fees and expenses of his counsel and other processionals.

### V.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Presto shall provide all documents in its possession, custody or control to the Commission and disclose under oath all information with respect to its activities and the activities of others about which the Commission or its staff may inquire or request.  Such production of documents and disclosure of information by Presto shall be made upon reasonable notice in writing and without service of a subpoena and subject only to the good faith assertion of any privileges recognizable pursuant to the provisions of Rule 501 of the Federal Rules of Evidence or the United States Constitution and amendments thereto.  Failure to comply with the foregoing will subject Presto to the sanctions set forth in Rule 37 of the Federal Rules of Civil Procedure and all other available remedies.

VI.

**IT IS HEREBY FURTHER ORDERED** that all Orders freezing assets of Presto issued by this Court at the time of the Temporary Restraining Order and continued in effect by the Preliminary Injunction issued on March 1, 2004 shall remain in full force and effect pending further Order of this Court.

VII.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED** that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Presto shall comply with all of the undertakings and agreements set forth therein.

VIII.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that this Court shall retain jurisdiction over this action for all purposes, including to determine the liability of any remaining defendants in this action, to implement and enforce the terms of this Final Judgment and other orders and decrees which may be entered, and to grant such other relief as this Court may deem necessary and just.

IX.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules

of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

IT IS SO ORDERED.

DATED: 8/19/05

*[signature]*
HON. IRMA E. GONZALEZ, Chief Judge
United States District Court
Southern District of California

cc: Magistrate Judge McCurine
Counsel of Record