USDC SCAN INDEX SHEET










```
JAH     8/24/05    10:38
3:04-CV-00163    SEC V. PRESTO
*801*
*JGM.*
```

94821



FILED

05 AUG 23 AM 8:23

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DEPUTY

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>PRESTO TELECOMMUNICATIONS, INC.; ALFRED LOUIS VASSALLO, JR. aka BOBBY VASSALLO,<br><br>Defendants. | Case No. 04 CV 00163 IEG (WMc)<br><br>**FINAL JUDGMENT OF PERMANENT INJUNCTION AND OTHER RELIEF AGAINST DEFENDANT ALFRED LOUIS VASSALLO, JR.** |

The motion of plaintiff, Securities and Exchange Commission ("Commission"), pursuant to Rule 56, Fed. R. Civ. P., for summary judgment against defendant Alfred Louis Vassallo, Jr. ("Vassallo"), came before the Court for hearing on May 9, 2005. Thereafter the Commission filed a motion for summary adjudication against Vassallo on the amount of disgorgement and civil penalties to be paid by Vassallo. That motion came on for hearing before the Court on July 25, 2005. The Court, having considered the Commission's motions, the Memoranda of Points and Authorities, the declarations including exhibits relating thereto, the Statements of Uncontroverted Facts and Conclusions of Law, and other documents filed in support of the motions, and all other evidence and argument presented regarding the motions, finds as follows:

ENTERED ON 8/24/05

04 CV 00163 IEG (POR)

801

### I.

IT IS HEREBY ORDERED that the Commission's motions for summary judgment and summary adjudication against Vassallo are GRANTED.

### II.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Vassallo and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment, by personal service or otherwise, are permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77e, by, directly or indirectly, in the absence of any applicable exemption:

    (a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

    (b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

    (c) Making use of any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding on examination under Section 8 of the Securities Act, 15 U.S.C. § 77h.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Vassallo

and his agents, servants, employees, attorneys, all persons in active concert or participation with them, who receive actual notice of this Final Judgment by personal service or otherwise, are permanently restrained and enjoined from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ with scienter any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## IV.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Vassallo and his agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not

1 misleading; or

2 (c) to engage in any act, practice, or course of business which operates or
3 would operate as a fraud or deceit upon any person.

## V.

IT IS ORDERED, ADJUDGED AND DECREED that Vassallo, within 30 days of this Final Judgment, disgorge to Thomas F. Lennon, the Court-appointed Receiver for Presto Telecommunications, Inc., the sum of $1,263,658.79 in cash, that was received by Vassallo as a consequence of the conduct alleged in the Complaint, plus prejudgment interest thereon of $23,638.97 from January 27, 2004 through July 25, calculated pursuant to 28 U.S.C. § 1961. This disgorgement payment shall be transmitted to Thomas F. Lennon, 7777 Alvarado Road, Suite 712, La Mesa, California 91941, under cover of a letter that identifies the defendant, the name and case number of this litigation, and the court. Copies of this cover letter and the means of payment shall be simultaneously transmitted to counsel for the Commission in this action at its Pacific Regional Office.

## VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Vassallo shall pay a third tier civil penalty in the amount of $120,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act. Pursuant to Section 308 of the Sarbanes-Oxley Act of 2002 and upon application of the Commission and approval of the Court, Vassallo shall make this payment within ten (10) business days after entry of this Final Judgment by certified check, bank cashier's check, or United States postal money order payable to the Receiver, and shall be transmitted to Thomas F. Lennon, 7777 Alvarado Road, Suite 712, La Mesa, California 91941, under cover of a letter that identifies the defendant, the name and case number of this litigation, and the court. Copies of this cover letter and the means of payment shall be simultaneously transmitted to counsel for the Commission in this action at its Pacific Regional Office.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Vassallo, within 30 days of this Final Judgment, shall pay to Thomas F. Lennon, the Court-appointed Receiver for Presto Telecommunications, Inc., the sum of $601,784.77 for the costs, fees, and expenses incurred by Thomas F. Lennon and his professionals in this case. Vassallo shall make this payment by certified check, bank cashier's check, or United States postal money order payable to the Receiver, and shall be transmitted to Thomas F. Lennon, 7777 Alvarado Road, Suite 712, La Mesa, California 91941, under cover of a letter that identifies the defendant, the name and case number of this litigation, and the court. Copies of this cover letter and the means of payment shall be simultaneously transmitted to counsel for the Commission in this action at its Pacific Regional Office.

## IX.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Vassallo shall provide all documents in his possession, custody or control to the Commission and disclose under oath all information with respect to his activities and the activities of others about which the Commission or its staff may inquire or request. Such production of documents and disclosure of information by Vassallo shall be made upon reasonable notice in writing and without service of a subpoena and subject only to the good faith assertion of any privileges recognizable pursuant to the provisions of Rule 501 of the Federal Rules of Evidence or the United States Constitution and amendments thereto. Failure to comply with the foregoing will subject these defendants to the sanctions set forth in Rule 37 of the Federal Rules of Civil Procedure and all other available remedies.

## X.

IT IS HEREBY FURTHER ORDERED that all Orders freezing assets of the defendants herein, or any of them, issued by this Court at the time of the Temporary Restraining Order and continued in effect by the Preliminary

Injunction issued on March 2, 2004 shall remain in full force and effect pending further Order of this Court.

## XI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction over this action for all purposes, including to determine the liability of any remaining defendants in this action, to implement and enforce the terms of this Final Judgment and other orders and decrees which may be entered, and to grant such other relief as this Court may deem necessary and just.

## XII.

There being no just reason for delay, the Clerk of the Court is hereby directed, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, to enter this Final Judgment.

IT IS SO ORDERED.

DATED: 8/19/05

HON. IRMA E. GONZALEZ, Chief Judge
United States District Court
Southern District of California

cc: Magistrate Judge McCurine
Counsel of Record