JOHN M. McCOY III, Cal. Bar No. 166244
E-mail:  mccoyj@sec.gov
GREGORY C. GLYNN, Cal. Bar No. 039999
E-mail:  glynng@sec.gov
DAVID S. BROWN, Cal. Bar No. 134569
E-mail:  browndav@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile:  (323) 965-3908

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>PRESTO TELECOMMUNICATIONS, INC.; ALFRED LOUIS VASSALLO, JR. aka BOBBY VASSALLO,<br><br>　　　　Defendants. | Case No. 04 CV 00163 IEG (WMc)<br><br>**PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AGAINST DEFENDANT ALFRED LOUIS VASSALLO, JR. AND ORDERS IMPOSING ADDITIONAL RELIEF**<br><br>JUDGE:　　The Honorable Irma E. Gonzalez<br>DEPT:　　Courtroom 1<br><br>Complaint Filed:　　January 27, 2004<br>Trial Date:　　Not Set |

　　By this *Ex Parte* Application, Plaintiff Securities and Exchange Commission (the "Commission") seeks an Order to Show Cause why defendant Alfred Louis Vassallo, Jr. ("Vassallo") should not be held in civil contempt of this Court's Final Judgment of Permanent Injunction and Other Relief entered on August 24, 2005 (the "Permanent Injunction") (Docket No. 801) and for Orders imposing additional relief.  As set forth below and in the accompanying Memorandum of Points and Authorities and related declarations and evidence, Vassallo has not complied with, has violated, and continues to violate the Permanent Injunction as of the date of this Application.

Vassallo's contempt of the Permanent Injunction includes:

1. Engaging in the offer and sale of unregistered securities in violation of Paragraph II of the Permanent Injunction, which prohibits Vassallo from violating the securities registration provisions of Section 5 of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §77e;

2. Committing fraud and deceit in connection with the offer, purchase, and sale of securities in violation of Paragraphs III and IV of the Permanent Injunction, which prohibit Vassallo from violating the antifraud provisions of Section 17(a) of the Securities Act, 15 U.S.C. §77q(a), and Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §77(j)b, and Rule 10b-5 thereunder, 17 C.F.R. §240.10b-5;

3. Failing to disgorge to the Court-appointed Receiver for Presto Telecommunications, Inc. ("Presto") ill-gotten gains in the amount of $1,263,658.79 plus prejudgment interest of $23,638.97 in violation of Paragraph V of the Permanent Injunction;

4. Failing to pay to the Presto Receiver $120,000 as third tier civil penalties for violating the securities laws pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act in violation of Paragraph VII of the Permanent Injunction; and

5. Failing to reimburse the costs, fees, and expenses incurred by the Presto Receiver in the amount of $601,784.77 in violation of Paragraph VIII of the Permanent Injunction.

Vassallo was served with notice of the Permanent Injunction on August 25, 2005 (Docket No. 803).

Vassallo's conduct in violation of the Permanent Injunction includes: (a) the offer and sale of unregistered securities in two wireless communications companies to investors (including to prior victims of the Presto fraud); (b) falsely claiming he controls the two wireless companies; (c) falsely claiming ongoing relationships between the wireless companies and Presto's subsidiary in Mexico and its nonexistent communications network; (d) falsely claiming investors could reap large profits on their investments in the wireless companies; (e) falsely claiming investor funds would be used to purchase communications equipment but in fact misappropriating investors funds for his own personal use; and (f) failing to disclose the

existence of the Permanent Injunction or misrepresenting its implications to investors. Vassallo has also failed to disgorge to the Receiver the funds he was ordered to pay, nor any of the costs, fees, and expenses of the Receivership he was ordered to pay. Vassallo presently uses the Internet to promote his wireless ventures through a dozen self-promoting websites and online profiles. Vassallo has raised money for purported ventures outside the United States, he has made numerous border crossings since entry of the Permanent Injunction, and he has used foreign entities and foreign bank accounts to divert investor funds.

Additional grounds for an Order to Show Cause why Vassallo should not be held in civil contempt is his violation of this Court's February 2, 1010 Order that required him to appear for a judgment debtor examination (Docket No. 949). Vassallo was served with notice of that Order. (Docket Nos. 950 and 951). Vassallo failed to appear.

Accordingly, the Commission seeks an Order for Vassallo to Show Cause why he should not be held in civil contempt for violating the Court's Orders.

The Commission believes the following additional relief is also appropriate based on Vassallo's conduct:

    (a)    an order freezing Vassallo's assets;

    (b)    an order prohibiting Vassallo from the destruction of records;

    (c)    an order expediting discovery;

    (d)    an order requiring Vassallo to provide an accounting;

    (e)    an order requiring Vassallo to repatriate funds; and

    (f)    an order requiring Vassallo to surrender his passport.

Should the Court ultimately issue an order holding Vassallo in civil contempt, the Commission believes the evidence demonstrates the need for the issuance of:

    (a)    an order requiring Vassallo to disgorge his most recent ill-gotten gains;

    (b)    a sanction to compensate the Commission for costs incurred as a result of Vassallo's violations of the Permanent Injunction; and

    (c)    orders permitting the exercise of the coercive authority of the Court including a full range of progressive fines or even incarceration, as necessary, to compel

1 | Vassallo's compliance with the Permanent Injunction.

2 | This application is being made *ex parte* because an expeditious resolution of this matter will help to ensure that assets are not dissipated further and the administration of the receivership is orderly so as to protect both the original and newly-defrauded investors.

DATED:  September 21, 2010              Respectfully submitted,


                                        /s/ David S. Brown
                                        David S. Brown
                                        Attorneys for Plaintiff
                                        Securities and Exchange Commission

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On September 21, 2010, I caused to be served the document entitled **PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AGAINST DEFENDANT ALFRED LOUIS VASSALLO, JR. AND ORDERS IMPOSING ADDITIONAL RELIEF** on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[X]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date: September 21, 2010          /s/ David S. Brown
                                  David S. Brown

**SEC v. PRESTO TELECOMMUNICATIONS, et al.**
United States District Court - Southern District of California
Case No. 04 CV 00163 IEG (WMc)
(LA-2666)

SERVICE LIST

Alfred Louis Vassallo, Jr. **(served by UPS)**

La Jolla, CA 92037

-and –

P.O. Box 1332 **(served by regular mail)**
La Jolla, CA 92038

**Served by email to:** bobbywireless@gmail.com; bobby@klondike.com; bv@bobbyvassallo.com; bobbyvassallo@gmail.com; prestonarryo@gmail.com; rk@firebranding.com; admin@valleywireless.us; help@citywirelessconsulting.com; admin@recentearthquakes.net; admin@bobbyvassallo.org; admin@bobbyvassallo.net; admin@alfredvassallo.net; bobby@alfredvassallo.com; admin@bobbyvassallo.com; bobby@san.rr.com; bobbyvassallo@gmail.com; bv@valleywireless.us

*Defendant Pro Se*


Jeffrey R. Patterson, Esq. **(served by CM/ECF only)**
Allen, Matkins, Leck, Gamble & Mallory LLP
501 W. Broadway, 15th Floor
San Diego, CA 92101-3541
Facsimile: (619) 233-1158
Email: jpatterson@allenmatkins.com

*Attorneys for Receiver Thomas F. Lennon*