JOHN M. McCOY III, Cal. Bar No. 166244
E-mail: mccoyj@sec.gov
GREGORY C. GLYNN, Cal. Bar No. 039999
E-mail: glynng@sec.gov
DAVID S. BROWN, Cal. Bar No. 134569
E-mail: browndav@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile:  (323) 965-3908

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>           Plaintiff,<br><br>      vs.<br><br>PRESTO TELECOMMUNICATIONS, INC.; ALFRED LOUIS VASSALLO, JR. aka BOBBY VASSALLO,<br><br>           Defendants. | Case No. 04 CV 00163 IEG (WMc)<br><br>**DECLARATION OF OSCAR J. GARZA FILED IN SUPPORT OF THE *EX PARTE* APPLICATIONS OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION AND THE TEMPORARY RECEIVER FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AGAINST DEFENDANT ALFRED LOUIS VASSALLO, JR. AND ORDERS IMPOSING ADDITIONAL RELIEF**<br><br>JUDGE:     The Honorable Irma E. Gonzalez<br>DEPT:       Courtroom 1<br><br>Complaint Filed:   January 27, 2004<br>Trial Date:   Not Set |

## DECLARATION OF OSCAR J. GARZA

I, Oscar J. Garza, declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am over 18 years of age. I have personal knowledge of each of the matters set forth below.

2. I make this declaration at the request of the staff of the Securities and Exchange Commission ("SEC").

3. I reside in Brownsville, Texas. I have known Alfred Louis Vassallo, Jr. aka Bobby Vassallo ("Vassallo") for about 30 years.

4. I am the founder of Vista Interfon, LLC ("Vista Interfon"), a Texas limited liability company, incorporated in 2005. The company was formed, along with my companion company, Vista Interfon de Mexico, a Mexico corporation, to develop wireless communications projects in the Matamoros area of Mexico. Back in 2004 or 2005, the plan for Vista Interfon was to connect with the Presto network in Mexico, but that never ended up happening because the Presto network in Mexico never got up and running. Since Vista Interfon was incorporated, I have been the resident agent, president, vice president, sole director, and sole stockholder of the company. Vassallo was never an officer, director, or shareholder of Vista Interfon.

5. Sometime in 2007, Vassallo found capital to build the Vista Interfon business. Vassallo told me that he would help me make money on the project. Vassallo got investment money to be used for equipment from Mark Pease and others to develop the project. Vista Interfon never had any successful projects and never turned a profit from operations.

6. Sometime in 2008, Vassallo encouraged me to incorporate Valley Wireless Holdings, LLC ("Valley Wireless") in Texas under my name. Since its incorporation in September 2008, I have been the resident agent, sole managing member, and sole stockholder of the company. I never made Vassallo an officer, director, or shareholder of Valley Wireless. This company was set up to develop wireless projects on both sides of the U.S.-Mexico border.

7. Vassallo was involved in running the Valley Wireless business with me. Vassallo told me he could raise money for Valley Wireless from investors. What I understood was Vassallo was going to raise capital for Valley Wireless from investors, but I would remain the owner of the

1

company. At some point, I became aware that Vassallo promised people stock in Valley Wireless, but I did not authorize stock certificates to be issued to anyone. About 100 stock certificates for Valley Wireless were printed, but I signed only one of them. Vassallo took the stock certificates from me and never returned them to me. Although I learned Vassallo promised John McKievick stock in Valley Wireless, Vassallo encouraged me to give Mr. McKievick a promissory note from Valley Wireless, which I did on or about March 23, 2009, a true and correct copy of which is attached hereto as Exhibit 1. The promissory note promises to pay Mr. McKievick $50,000 plus 7% interest by May 1, 2010.

8. Vassallo and his step-son, Jordan Arroyo, have tried to take control of Valley Wireless away from me. I was sent by U.S. Mail a corporate resolution dated July 17, 2009, signed by Jordan T. Arroyo as Secretary of Valley Wireless, which purports to remove all my powers to act on behalf of Valley Wireless and purports to remove me from the board of directors and as an officer of the company. I also understand that Vassallo has opened a ban k account in the name of Valley Wireless at a bank in Austin, Texas. I suspect that with the Valley Wireless stock certificates Vassallo took from me, he and Arroyo have tried to take the company away from me.

9. Valley Wireless never had any successful projects and never turned a profit from operations. Valley Wireless never had any connection, whether operationally or otherwise, with Presto or the Presto network in Mexico.

10. I was aware that Vassallo was charged by the SEC in connection with Presto Telecommunications, Inc. Vassallo told me that it got "a slap on the wrist," he paid a fine, and it was over.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this ___ day of September, 2010, at Brownsville, Texas.

_____
Oscar J. Garza

company. At some point, I became aware that Vassallo promised people stock in Valley Wireless, but I did not authorize stock certificates to be issued to anyone. About 100 stock certificates for Valley Wireless were printed, but I signed only one of them. Vassallo took the stock certificates from me and never returned them to me. Although I learned Vassallo promised John McKievick stock in Valley Wireless, Vassallo encouraged me to give Mr. McKievick a promissory note from Valley Wireless, which I did on or about March 23, 2009, a true and correct copy of which is attached hereto as Exhibit 1. The promissory note promises to pay Mr. McKievick $50,000 plus 7% interest by May 1, 2010.

8. Vassallo and his step-son, Jordan Arroyo, have tried to take control of Valley Wireless away from me. I was sent by U.S. Mail a corporate resolution dated July 17, 2009, signed by Jordan T. Arroyo as Secretary of Valley Wireless, which purports to remove all my powers to act on behalf of Valley Wireless and purports to remove me from the board of directors and as an officer of the company. I also understand that Vassallo has opened a bank account in the name of Valley Wireless at a bank in Austin, Texas. I suspect that with the Valley Wireless stock certificates Vassallo took from me, he and Arroyo have tried to take the company away from me.

9. Valley Wireless never had any successful projects and never turned a profit from operations. Valley Wireless never had any connection, whether operationally or otherwise, with Presto or the Presto network in Mexico.

10. I was aware that Vassallo was charged by the SEC in connection with Presto Telecommunications, Inc. Vassallo told me that it got "a slap on the wrist," he paid a fine, and it was over.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14_ day of September, 2010, at Brownsville, Texas.

_____
Oscar J. Barza

Exhibit 1

# Promissory Note

This promissory note is by and between Valley Wireless Holdings, LLC., a Texas corporation located at 174 Robins Lane, Brownsville, TX 78520, and John McKievick of 15244 Sleepy Creek, El Cahon, California.

### RECITATIONS:

**INTEREST RATE:** Annual interest rate on matured, unpaid amounts shall be Seven (7%) per cent, permitted by the Laws of the State of Texas.

**PAYMENT TERMS.** This Note is due and payable as follows, to-wit: On or before May 2010, Fifty Thousand ($50,000.00) Dollars, principal, plus all interest accrued to that date.

**BORROWER'S PRE-PAYMENT RIGHT.** Borrower reserves the right to prepay this note in whole or in part, prior to maturity, without penalty.

**PLACE FOR PAYMENT.** Borrower promises to pay to the order of Payee, John McKievick at 15244 Sleepy Creek, El Cahon, CA 92021 for payment, and according to the terms for payment the principal amount plus interest at the rates stated above. Any unpaid amounts shall be due by that final date of May 1, 2010.

**DEFAULT:** If Borrower defaults in the payment of this Note or in the performance of any obligation, and the default continues after Payee gives Borrower notice of the default and the time within which it must be cured, as may be required by law or written agreement, then Payee may declare the unpaid principal balance and earned interest on this Note immediately due. Borrower and each surety, endorser, and guarantor waive all demands for payment, presentation for payment, notices of intentions to accelerate maturity, notices of acceleration of maturity, protests, and notices of protest, to the extent permitted by law.

**INTEREST ON PAST DUE INSTALLMENTS AND CHARGES.** All past due installments of principal and/or interest and/or all other past-due incurred charges shall bear interest after maturity at the maximum amount of interest permitted by the Laws of the State of Texas until paid. Failure by Borrower to remit any payment by the 15th day following the date that such payment is due entitles the Payee hereof to declare the entire principal and accrued interest immediately due and payable. Payee's forbearance in

Exhibit 1 Page 3

forcing a right or remedy as set forth herein shall not be deemed a waiver of said right or remedy for a subsequent cause, breach or default of the Borrower's obligations herein.

INTEREST. Interest on this debt evidenced by this Note shall not exceed the maximum amount of non-usurious interest that may be contracted for, taken, reserved, charged, or received under law; any interest in excess of the maximum shall be credited on the principal of the debt or, if that has been paid, refunded. On any acceleration or required or permitted prepayment, any such excess shall be canceled automatically as of the acceleration or prepayment or, if already paid, credited on the principal of the debt or, if the principal of the debt has been paid, refunded. This provision overrides other provisions in this instrument (and any other instruments) concerning this debt.

ATTORNEY'S FEES. If this Note is given to an attorney for collection or enforcement, or if suit is brought for collection or enforcement, or if it is collected or enforced through probate, bankruptcy, or other judicial proceeding, then Borrower shall share with Payee all costs of collection and enforcement, including reasonable attorney's fees and court costs in addition to other amounts due.

SEVERABILITY. If any provision of this Note or the application thereof shall, for any reason and to any extent, be invalid or unenforceable, neither the remainder of this Note nor the application of the provision to other persons, entities or circumstances shall be affected thereby, but instead shall be enforced to the maximum extent permitted by law.

BINDING EFFECT. The covenants, obligations and conditions herein contained shall be binding on and inure to the benefit of the heirs, legal representatives, and assigns of the parties hereto.

GOVERNING LAW. This Note shall be governed, construed and interpreted by, through and under the Laws of the State of Texas.

Borrower is responsible for all obligations represented by this Note.

EXECUTED this day of March 23, 2009.

Valley Wireless Holdings, LLC

_____
Valley Wireless Holdings, LLC
Oscar Garza, President

Exhibit  1    Page  4

SWORN AND SUBSCRIBED to before me, the undersigned authority, by Oscar Garza, ~~sident~~ for Valley Wireless Holdings, L.L.C. on this the 25 day of March, 2009, to certify ~~to~~ witness my hand and seal of office.

Notary Public in and for
the State of Texas
Commission expires: 6-24-2011

Exhibit \_\_1\_\_ Page \_\_5\_\_

# PROOF OF SERVICE

I am over the age of 18 years and not a party to this action.  My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On September 21, 2010, I caused to be served the document entitled **DECLARATION OF OSCAR J. GARZA FILED IN SUPPORT OF THE *EX PARTE* APPLICATIONS OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION AND THE TEMPORARY RECEIVER FOR AN ORDER TO SHOW CAUSE RE CIVIL CONTEMPT AGAINST DEFENDANT ALFRED LOUIS VASSALLO, JR. AND ORDERS IMPOSING ADDITIONAL RELIEF** on all the parties to this action addressed as stated on the attached service list:

[X]   **OFFICE MAIL:**  By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices.  I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

  [ ]   **PERSONAL DEPOSIT IN MAIL:**  By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service.  Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

  [ ]   **EXPRESS U.S. MAIL:**  Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[ ]   **HAND DELIVERY:**  I caused to be hand delivered each such envelope to the office of the addressee as stated on the attached service list.

[X]   **UNITED PARCEL SERVICE:**  By placing in sealed envelope(s) designated by United Parcel Service ("UPS") with delivery fees paid or provided for, which I deposited in a facility regularly maintained by UPS or delivered to a UPS courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:**  By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[X]   **E-FILING:**  By causing the document to be electronically filed via the Court's CM/ECF system, which effects electronic service on counsel who are registered with the CM/ECF system.

[ ]   **FAX:**  By transmitting the document by facsimile transmission.  The transmission was reported as complete and without error.

I declare under penalty of perjury that the foregoing is true and correct.

Date:  September 21, 2010              /s/ David S. Brown
                                        David S. Brown

1

**SEC v. PRESTO TELECOMMUNICATIONS, et al.**
**United States District Court - Southern District of California**
**Case No. 04 CV 00163 IEG (WMc)**
**(LA-2666)**

SERVICE LIST

Alfred Louis Vassallo, Jr. **(served by UPS)**

La Jolla, CA 92037

-and –

P.O. Box 1332 **(served by regular mail)**
La Jolla, CA 92038

**Served by email to:** bobbywireless@gmail.com; bobby@klondike.com; bv@bobbyvassallo.com; bobbyvassallo@gmail.com; prestonarryo@gmail.com; rk@firebranding.com; admin@valleywireless.us; help@citywirelessconsulting.com; admin@recentearthquakes.net; admin@bobbyvassallo.org; admin@bobbyvassallo.net; admin@alfredvassallo.net; bobby@alfredvassallo.com; admin@bobbyvassallo.com; bobby@san.rr.com; bobbyvassallo@gmail.com; bv@valleywireless.us

*Defendant Pro Se*

Jeffrey R. Patterson, Esq. **(served by CM/ECF only)**
Allen, Matkins, Leck, Gamble & Mallory LLP
501 W. Broadway, 15th Floor
San Diego, CA 92101-3541
Facsimile: (619) 233-1158
Email: jpatterson@allenmatkins.com

*Attorneys for Receiver Thomas F. Lennon*