# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>PRESTO TELECOMMUNICATIONS, INC., AND ALFRED LOUIS VASSALLO, JR. aka BOBBY VASSALLO,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 04cv163-IEG(WMc)<br><br>Order Setting Hearing on Securities and Exchange Commission's Motion for Civil Contempt Sanctions with Regard to Failure to Pay Monetary Damages and Costs; Bifurcating Additional Matters for Purposes of Referring for Criminal Contempt Proceedings |

　　The Securities and Exchange Commission ("SEC") has filed a motion for an order to show cause why Defendant Alfred Louis Vassallo, Jr. ("Bobby Vassallo" or "Vassallo") should not be held in civil contempt for his violation of the Court's August 23, 2005 Permanent Injunction [Doc. No. 801]. As explained below, the Court finds the SEC has shown by clear and convincing evidence that Vassallo violated the Permanent Injunction by failing to pay disgorgement, civil penalties, and the Receiver's costs. The Court will hold a further civil contempt hearing on this issue. However, the Court bifurcates from this civil contempt proceeding the SEC's allegation that Vassallo has violated the Permanent Injunction by engaging in conduct prohibited by the federal securities laws. The Court will separately issue a notice and order referring those claims to the United States Attorney for the Southern District of California for prosecution under 18 U.S.C. § 401 and Fed. R. Crim. P. 42.

## *Background*

On January 27, 2004, the SEC filed a complaint against Defendants Presto Telecommunications, Inc. ("Presto") and Vassallo alleging violations of federal securities laws. [Doc. No. 1.] On the date the complaint was filed, the Court issued a temporary restraining order freezing the assets of Presto and Vassallo and appointing a temporary receiver. [Doc. No. 10.] On March 2, 2004, the Court granted a preliminary injunction against Vassallo and Presto. [Doc. No. 52.] The Court ordered the assets of Presto and Vassallo remain frozen and appointed Thomas Lennon as permanent receiver of Presto.

On May 25, 2005, the Court summarily adjudicated the SEC's claims that Presto and Vassallo violated federal securities laws. [Doc. No. 752.] On August 15, 2005, the Court summarily adjudicated the amount of disgorgement damages and civil penalties against Vassallo. [Doc. No. 796.] On August 23, 2005 the Court entered a Permanent Injunction requiring Vassallo to disgorge to the Receiver, within 30 days after entry of the final judgment, $1,263,658.79, plus prejudgment interest of $23,638.97. The Court further ordered Vassallo to pay a civil penalty in the amount of $120,000, such payment to be made to the Receiver within 10 days after entry of the final judgment. Finally, the Court ordered Vassallo to pay the Receiver's costs, in the amount of $601,784.77, within 30 days of the entry of final judgment. [Doc. No. 801.] Notwithstanding the Court's order, Vassallo has failed to pay any of the amounts set forth in the final judgment for disgorgement, prejudgment interest, civil penalty, or costs. [Declaration of David Brown ("Brown Decl."), Doc. No. 955, ¶ 40.]

In addition, the August 23, 2005 order enjoined Vassallo from engaging in conduct which violates the federal securities laws. [Doc. No. 801.] In particular, the Court enjoined Vassallo from (1) offering for sale unregistered securities in violation of Section 5 of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77e, (2) engaging in fraud or misrepresentations in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and (3) engaging in fraud or misrepresentations in violation of Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Notwithstanding the Permanent Injunction, the SEC has presented evidence in its

1 motion demonstrating Vassallo has (1) offered and sold unregistered securities, (2) misrepresented
2 his ownership and control of companies for which he is soliciting investor funds, as well as the
3 potential for investor profits and how investor funds will be used, (3) and misappropriated investor
4 funds.

5     On September 21, 2010, the SEC filed a motion asking the Court to issue an order to show
6 cause why Vassallo should not be held in civil contempt for violating the August 23, 2005
7 Permanent Injunction.  The Court issued the order to show cause on September 24, 2010, setting a
8 hearing for October 7, 2010.  Vassallo appeared for the October 7, 2010 hearing and invoked his
9 Fifth Amendment right to remain silent in lieu of responding to the SEC's allegations.  At that
10 time the Court ordered Vassallo to surrender his passport. The Court continued the hearing to
11 Monday, October 25, 2010 to permit Vasallo time to obtain an attorney and file a written response.
12 However, on October 19, 2010, Vassallo requested a continuance of the hearing to obtain counsel.
13 To ensure Vassallo is afforded due process in these contempt proceedings, on October 20, 2010,
14 the Court appointed Attorney John Lemon to represent Vassallo.

15     The Court went forward with the hearing on October 25, 2010, at which time Vassallo and
16 his attorney appeared.

17 ### *Discussion*

18     A district court has the inherent authority to enforce its orders through civil contempt.
19 Shillitani v. United States, 384 U.S. 364, 370 (1966).

20     The standard for finding a party in civil contempt is well settled:  The moving party
21     has the burden of showing by clear and convincing evidence that the contemnors
22     violated a specific and definite order of the court.   The burden then shifts to the
23     contemnors to demonstrate why they were unable to comply.
24 FTC v. Affordable Media LLC, 179 F.3d 1228, 1239 (9th Cir. 1999) (quoting Stone v. City and
25 County of San Francisco, 968 F.2d 850, 856 n. 9 (9th Cir.1992)).  "A party's actions 'need not be
26 willful' and there is no good faith exception to the requirement of obedience to a court order."
27 Go-Video, Inc. v. Motion Picture Ass'n of America, 10 F.3d 693, 695 (9th Cir. 1993) (quoting   In
28 re Crystal Palace Gambling Hall, Inc., 817 F.2d 1361, 1365 (9th Cir.1987)).  A party may not,

1  however, be held in civil contempt if he "has taken 'all reasonable steps' to comply with the court
2  order." General Signal Corp. v. Donallco, Inc., 787 F.2d 1376, 1379 (9th Cir. 1986).
3       Here, the Court's final judgment and Permanent Injunction dated August 23, 2005, is
4  specific and definite with regard to Vassallo's obligation to pay monetary penalties to the
5  Receiver. It unambiguously directs Vassallo to pay disgorgement, civil penalties, and the
6  Receiver's costs, within a specified time period. The SEC has presented a declaration stating
7  Vassallo has not paid any of the amounts required by the Permanent Injunction. Therefore, the
8  Court finds by clear and convincing evidence that Vassallo has violated the August 23, 2005
9  Permanent Injunction insofar as it required him to pay disgorgement, civil penalties, and the
10 Receiver's costs. The burden now shifts to Vassallo to demonstrate why he is unable to comply
11 with the order, and the Court may hold Vassallo in civil contempt if he fails to satisfy that burden.
12      The Permanent Injunction is also specific and definite with regard to Vassallo's duty to
13 avoid conduct which violates federal securities laws. It unambiguously enjoins Vassallo from
14 selling or offering for sale unregistered securities, and from making fraudulent and misleading
15 statements with regard to the offer and sale of securities. [ Doc. 801, ¶¶ II - IV.] The SEC has
16 presented clear and convincing evidence, in the form of declarations and deposition testimony
17 from the defrauded investors, demonstrating that Vassallo has violated the permanent injunction
18 by (1) offering for sale and selling unregistered securities [Declaration of Mark Pease ("Pease
19 Decl."), ¶ 4, 5, 6, 9, 10, 12, 13, 15, Exh. 1, p. 5; Declaration of Lowell Fitzgerald ("Fitzgerald
20 Decl."), ¶ 5, 9, 13; Declaration of Austin Moore ("Moore Decl."), ¶¶ 4-7, 10 ; Declaration of
21 Oscar Garza ("Garza Decl."), ¶ 4, 5, 7], (2) misrepresenting his ownership and control of
22 companies for which he is soliciting investor funds, as well as the potential for investor profits and
23 how investor funds will be used [Fitzgerald Decl., ¶¶ 7, 8, 10, 17, and 19; Moore Decl., ¶¶ 4, 10,
24 and 12; Pease Decl., ¶¶ 8, 9, 15 and 16], and (3) misappropriating investor funds [Brown Decl., ¶
25 26a, Exh. 14, pp. 144-145, 160-177, 206-216, Exh. 18, p. 352-257]. The burden now shifts to
26 Vassallo to demonstrate why he is unable to comply with the order.
27      Civil contempt, however, is not an appropriate vehicle to sanction Vassallo's continued
28 conduct in violation of the federal securities laws. Neither a daily fine nor incarceration for a brief

time is likely to coerce Vassallo to cease his behavior. In addition, because the purpose of civil contempt is to coerce compliance with the Court's order, it would be difficult to measure whether Vassallo had been sufficiently coerced to stop his fraudulent conduct so as to purge him of contempt. Instead, the Court believes criminal contempt, under 18 U.S.C. § 401, is the more appropriate avenue to address Vassallo's conduct. Therefore, the Court bifurcates from this civil contempt proceeding the SEC's allegations that Vassallo has violated the Permanent Injunction by engaging in conduct in violation of the federal securities laws. The Court will issue a separate notice pursuant to Fed. R. Crim. Proc. 42, giving notice to Vassallo and referring the matter to the United States Attorney for the Southern District of California for prosecution.

### *Conclusion*

The Court finds clear and convincing evidence Vassallo has violated the August 23, 2005 Permanent Injunction by failing to pay disgorgement, civil penalties, and the Receiver's costs. A further hearing will be held on *Thursday, December 9, 2010 at 1:30 p.m.*, at which time Vassallo may present any defense to the SEC's civil contempt allegations. The SEC will forthwith file additional evidence of Vassallo's alleged contempt related to the non-payment of the disgorgement, civil penalties, and costs. On or before *November 19, 2010*, Vassallo must file a written response to the SEC's motion, setting forth any arguments and evidence in opposition to the SEC's civil contempt motion. The SEC may file a reply on or before *November 29, 2010.*

The SEC's remaining allegations that Vassallo is in contempt as a result of his conduct in violation of the federal securities laws is hereby bifurcated from this civil contempt proceeding. The Court will issue a separate notice under Fed. R. Crim. P. 42 referring those matters for criminal contempt proceedings.

**IT IS SO ORDERED**.

DATED: October 26, 2010

*(signature)*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**